UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAON DANIELS and MARINA HOVEY,**
         Plaintiff,

v.                **Civil Action No. _____**

**GOVERNMENT EMPLOYEES INSURANCE COMPANY,**
         Defendant.

## NOTICE OF REMOVAL

COMES NOW, Defendant Government Employees Insurance Company (hereafter, "GEICO"), by and through its attorneys, Perry Law, PC (Meloney Perry and Stacy Thompson), and hereby files its Notice of Removal pursuant to 28 U.S.C. §§1332, 1441 and 1446, and in support thereof states the following:

1. Plaintiffs Daon Daniels and Marina Hovey (hereafter "Plaintiffs") filed their Complaint for Uninsured Motorist Benefits, ("hereinafter "Complaint"). (*See* Plaintiff's Complaint, hereto attached as Exhibit A).

2. Plaintiffs' Complaint was filed in the First Judicial District Court, County of Santa Fe State of New Mexico, as Cause Number D-101-CV-2017-00386 on February 10, 2017. (hereinafter "State Court Action"). (*See id.*)

3. Defendant GEICO was served through the Superintendent of Insurance who accepted service on behalf of GEICO, on February 21, 2017, therefore, removal is timely. (*See* February 21, 2017 Letter from New Mexico Superintendent of Insurance attached hereto as Exhibit B).

4. Plaintiffs allege they are residents of Sandoval County, New Mexico. (*See* Exhibit A at ¶ 1).

5. Plaintiffs do not make any allegations as to the citizenship of GEICO but does admit GEICO is a company licensed to do business in New Mexico. (*See also* generally Exhibit A).

6. Plaintiffs do not make any allegations as to the principal place of business of GEICO but does admit GEICO is a company licensed to do business in New Mexico. (*See also* generally Exhibit A).

7. Defendant GEICO is incorporated in Maryland and its principal place of business is in Maryland.

8. Pursuant to 28 U.S.C. § 1441(b)(2), removal based on diversity of citizenship requires that no properly joined and served party of interest diversity be a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b)(2).

9. A federal district court possesses original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds seventy-five thousand dollars. 28 U.S.C. § 1332(a).

10. Given the diversity of citizenship, this case may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

11. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. §1332(a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See e.g., Laughlin v. Kmart Corp*, 50 p.3d, 871, 873 (10 Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y* 320 U.S. 238, 240 (1943); *Watson v. Blakenship,* 30 F.3d

383, 386 (10 Cir.1994). This calculation also includes attorney's fees. *See Miera v. Dairyland Ins. Co.,* No. 96-0136-M, mem.Op. (D.N.M. Feb. 28, 1996)(denying remand of removed action based on availability of attorney's fees under New Mexico Unfair Claims Practice Act and Unfair Trade Practices Act. *See also 14A Wright v. Miller, Federal Practice and Procedure,* §3712, at 176-78, and authorities cited therein; *Foret v. Souther Farm Bureau Life Ins. Co.,* 918 F. 2d 534, 537 (5 Cir. 1990). The calculation also includes treble damages claims.

12. In addition to actual damages in this case, Plaintiffs are requesting costs.

13. The limits in the GEICO policy were $250,000/$500,000 for the two vehicles covered by that policy. (*See* Exhibit C, Declarations Page)

14. Less than thirty (30) days have passed since Defendant GEICO was served a copy of the initial pleading on this matter. *See* Exhibit B.

15. By and through this Notice of Removal, Defendant removes all claims asserted against it on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

16. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiffs on this date.

17. Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a Notice of Filing Notice of Removal in the State Court Action, a copy of which is hereto attached as Exhibit D without "Exhibit 1."

18. Defendant filed an answer in the State Court Action on March 23, 2017, a copy of which is hereto attached to this Notice as Exhibit E.

19. Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-CIV. 81.1(a), all process, pleadings, and orders from the State Court Action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight days (28) of this Notice.

20. A Civil Cover Sheet for this Court is hereto attached as Exhibit F.

21. The matters in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs. Specifically, the Plaintiffs have alleged and has demanded the limits of uninsured motorist coverage.

22. WHEREFORE, Defendant GEICO gives notice that this case is removed from the First Judicial District Court, County of Santa Fe, State of New Mexico, to the United States District Court for the District of New Mexico.

Respectfully submitted,

*/s/ Meloney Perry*
Meloney Perry,
Stacy Thompson
**PERRY LAW, PC**
10440 N. Central Expressway, Suite 600
Dallas, Texas 75231
Telephone: (214) 265-6201
Facsimile: (214) 265-6226
E-mail: mperry@mperrylaw.com
sthompson@mperrylaw.com

**ATTORNEYS FOR DEFENDANT**

Defendant's address:
5260 Western Avenue
Chevy Chase, Maryland 20815

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of March, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Michael G. Duran
KELLER & KELLER, LLC
505 Marquette, Suite 1300
Albuquerque, New Mexico 87102
michaeld@2keller.com
*Attorney for Plaintiffs*

              */s/ Meloney Perry*
              Meloney Perry

00053671.DOCX