# EXHIBIT A

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/10/2017 1:02:48 PM
STEPHEN T. PACHECO
Jorge Montes

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

DAON DANIELS and MARINA HOVEY,

    Plaintiffs,

v.

                                  CASE NO: D-101-CV-2017-00386
                                  Case assigned to Ortiz, Raymond Z.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

    Defendant.

## COMPLAINT FOR UNINSURED MOTORIST BENEFITS

    COME NOW, Plaintiffs, by and through their attorneys, Keller & Keller, LLC, and for their cause of action against the Defendant, state as follows:

### COMMON FACTUAL ALLEGATIONS

A.    <u>The Parties</u>

    1.    Plaintiffs are residents of Sandoval County, New Mexico.

    2.    Defendant is a foreign corporation engaged in the business of insurance in the State of New Mexico. Pursuant to statute, the Superintendent of Insurance in Santa Fe, New Mexico is the registered agent for Defendant.

    3.    This Court has jurisdiction and venue over this matter.

B.    <u>Insurance Coverage</u>

    4.    On or about May 29, 2014, Plaintiffs entered into an automobile insurance contract with Defendant, policy number 4331-81-20-67, for a 2011 Ford Expedition, 2007 Chevrolet Impala, and 2014 Chevrolet Tahoe. Liability limits for bodily injury on each vehicle were $250,000 per person and $500,000 per accident and uninsured motorist limits for bodily injury on each vehicle were $250,000 per person and $500,000 per accident.

5. Thus, prior to July 11, 2014, Plaintiffs insured three (3) vehicles with Defendant with liability limits of $250,000 per person and $500,000 per accident and uninsured motorist limits for bodily injury on each vehicle for $250,000 per person and $500,000 per accident.

C. <u>The Crash</u>

6. On July 11, 2014, Plaintiff Daniels was involved in a collision that occurred at approximately 4:45 p.m. on I-25 near mile marker 235 in Bernalillo County, New Mexico.

7. At the time and place set forth in Paragraph 6, Plaintiff Daniels was driving northbound on I-25. Another driver (name unknown because he or she fled the scene after the crash) was also northbound on I-25 and attempted a lane change. During the lane change, the unknown driver struck Plaintiff Daniels' vehicle sending it into a raised median which caused the vehicle to roll over.

8. As a result of the crash, Plaintiff Daniels sustained personal injuries, including physical pain and suffering that required medical treatment.

9. As a result of the crash, Plaintiff Hovey, the wife of Plaintiff Daniels suffered a loss of consortium.

D. <u>Subsequent UM Claim</u>

10. Since the unknown hit-and-run driver was never located, he or she is deemed uninsured for purposed of the subject crash.

11. As a result, Plaintiff Daniels made a claim with Defendant for uninsured motorist coverage set forth in Paragraph 5.

12. Plaintiff Daniels has unsuccessfully attempted to resolve his claims with Defendant.

## COUNT I. UNINSURED MOTORIST BENEFITS

13. Plaintiffs incorporate by reference the foregoing allegations and makes them part of this Count of the Complaint.

14. Prior to the date of subject crash, Plaintiffs entered into an insurance contract with Defendant. Between Plaintiffs and Defendant, there was an offer and an acceptance creating a legally enforceable promise for Defendant to provide Plaintiffs with insurance coverage. In return for this insurance coverage, Plaintiffs tendered consideration in the form of money to Defendant. There was mutual assent between Plaintiffs and Defendant to the terms of this contract.

15. Plaintiffs are legally entitled to recover damages from the unknown driver, because the acts and failures to act by the unknown driver were negligent and caused Plaintiffs damage and injury.

16. Plaintiffs are legally entitled to recover damages from the unknown driver because the acts and failures to act by the unknown driver were negligent *per se*. At the time of the crash, there were in force and effect certain statutes and ordinances that were violated by the unknown driver, including but not limited to:

   a. NMSA § 66-7-3, Required obedience to traffic laws;

   b. NMSA § 66-8-114, Carless driving;

   c. NMSA § 66-7-201, Accidents involving death or personal injuries;

   d. NMSA § 66-7-202. Accidents involving damage to vehicle;

   e. NMSA § 66-7-203, Duty to give information and render aid;

   f. NMSA § 66-7-206, Immediate notice of accidents;

The aforementioned statutes were enacted for the protection of the class of persons which include Plaintiffs. The unknown driver's violation of these statutes constitutes negligence *per se*.

17. As a direct and proximate result of the negligence and negligence *per se* of the unknown driver, Plaintiff Daniels has suffered personal injuries, pain and suffering, lost wages, loss of enjoyment of activities, hedonic damages, or loss of the value of life itself, as well as expenses for medical care received in the past and reasonably certain to be received in the future, all to the damage of Plaintiff Daniels in an amount to be determined by the Court at trial.

18. At the time of the crash and at the time of this filing, Plaintiffs were/are married and reside in the same home.

19. As a result of the unknown driver's negligence and negligence per se, Plaintiff Hovey has suffered a loss of consortium, including but not limited to, society, intimacy, guidance, and companionship, and is entitled to damages as a result under the uninsured motorist policy issued by the Defendant.

WHEREFORE, Plaintiffs pray for judgment against Defendant for damages as determined by the Court at trial, together with the costs of this litigation, pre-judgment and post-judgment interest, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

**KELLER & KELLER, LLC**

*/s/Michael Duran*
_____

Michael G. Duran
Bill Russell
Attorneys for Plaintiffs
505 Marquette, Suite 1300
Albuquerque, NM 87102
Telephone: (505) 938-2300
Facsimile: (505) 938-2301

4