# EXHIBIT E

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

DAON DANIELS and MARINA HOVEY,
    Plaintiffs,

v.                      No. D-101-CV-2017-00386

GOVERNMENT EMPLOYEES INSURANCE COMPANY,
    Defendant.

_____

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
### UNINSURED MOTORIST BENEFITS
_____

COMES NOW, Defendant Government Employees Insurance Company (hereafter, "GEICO"), by and through its attorneys, Perry Law, PC (Meloney Perry and Stacy Thompson), and hereby files its Answer to Plaintiff's Complaint for Uninsured Motorist Benefits, (the "Complaint").

### GEICO'S DENIAL

The Complaint fails to state a claim upon which relief can be granted.

### GEICO'S ADMISSIONS AND DENIALS

### COMMON FACTUAL ALLEGATIONS

A.    THE PARTIES

1. Defendant GEICO is without information as to the truth of the allegations contained in Paragraph 1.

2. Defendant GEICO admits that it is a foreign company authorized to and doing business in the State of New Mexico.

3. Defendant GEICO denies the allegations contained in Paragraph 3.

**B.     INSURANCE COVERAGE**

4.     Defendant GEICO admits that Daon R. Daniels and Marina J. Hovey are named insureds under a New Mexico Family Automobile Insurance Policy issued by Government Employees Insurance Company, Policy No. 4331-81-20-67, but denies that a 2011 Ford Expedition was covered under the Policy for the date of loss. The policy speaks for itself.

5.     Defendant GEICO denies the allegations contained in Paragraph 5.

**C.     THE CRASH**

6.     Defendant GEICO admits the police report states that the accident took place on July 11, 2014 in Bernalillo County, New Mexico. The police report speaks for itself.

7.     Defendant GEICO admits the police report states that the accident took place on July 11, 2014 in Bernalillo County, New Mexico. The police report speaks for itself.

8.     The allegations contained in Paragraph 8 state a legal conclusion to which no response is required. To the extent that the allegations can be construed against GEICO, they are denied.

9.     The allegations contained in Paragraph 9 state a legal conclusion to which no response is required. To the extent that the allegations can be construed against GEICO, they are denied.

**D.     SUBSEQUENT UM CLAIM**

10.    The allegations contained in Paragraph 10 state a legal conclusion to which no response is required. To the extent that the allegations can be construed against GEICO, they are denied.

11.    Defendant GEICO admits the allegation contained in Paragraph 11.

12.    Defendant GEICO denies the allegation contained in Paragraph 12.

## COUNT I – UNINSURED MOTORIST BENEFITS

13. Defendant GEICO incorporates and re-alleges its Answer as in the preceding Paragraphs as though fully set forth herein.

14. Defendant GEICO admits that Daon R. Daniels and Marina J. Hovey are named insureds under a New Mexico Family Automobile Insurance Policy issued by Government Employees Insurance Company, Policy No. 4331-81-20-67. The policy speaks for itself.

15. The allegations contained in Paragraph 15 state a legal conclusion to which no response is required. To the extent that the allegations can be construed against GEICO, they are denied.

16. The allegations contained in Paragraph 16, and all subparts, state legal conclusions to which no response is required. To the extent that the allegations can be construed against GEICO, they are denied.

17. The allegations contained in Paragraph 17 state a legal conclusion to which no response is required. To the extent that the allegations can be construed against GEICO, they are denied.

18. Defendant GEICO is without information as to the truth of the allegations contained in Paragraph 18.

19. The allegations contained in Paragraph 19 state a legal conclusion to which no response is required. To the extent that the allegations can be construed against GEICO, they are denied.

In response to the unnumbered paragraph under Paragraph 19 beginning with the word "WHEREFORE", this is a prayer for relief to which no response is required. If and to the extent

a response is deemed to be required, any and all allegations in the paragraph are denied, and it is denied that Plaintiff is entitled to any relief sought by this paragraph.

## GEICO'S AFFIRMATIVE DEFENSES

1. As a separate, further, affirmative defense, Defendant GEICO states that the negligence and/or fault of all parties and non-parties must be compared and any recovery by the Plaintiffs against Defendant GEICO be limited to the negligence and/or fault, if any, of the tortfeasor.

2. As a separate, further, affirmative defense, Defendant GEICO states that the Plaintiffs have failed to mitigate their damages, said defense being raised at this time to prevent waiver.

3. As a separate, further, affirmative defense, Defendant GEICO states that any claim for punitive damages under the circumstances violates its Constitutional Rights under the New Mexico and Federal Constitutions.

4. As a separate, further, affirmative defense, Plaintiffs have failed to meet conditions precedent as outlined in the policy of insurance.

5. As a separate, further, affirmative defense, Plaintiffs' damages, if any, are limited in conformance with the policy of insurance.

6. GEICO has fully complied with New Mexico law in its evaluation and handling of Plaintiffs' Uninsured Motorists ("UM") coverage claims made in connection with the motor vehicle accident at issue on July 11, 2014.

7. GEICO is entitled to challenge claims that are fairly debatable.

8. GEICO does not know which, if any, defenses in addition to some of those above may apply. GEICO has neither knowingly nor intentionally waived any applicable defenses. If

GEICO later learns that additional defenses may apply, then GEICO will seek leave to amend its Answer to raise such other defenses.

## GEICO'S REQUEST FOR RELIEF

For these reasons, Defendant GEICO respectfully requests that the Court enter judgment as follows:

a. That Plaintiffs take nothing by their Complaint;

b. That this Court deny Plaintiffs' claims;

c. That the same be dismissed or that judgment be rendered for GEICO; and

d. For such other and further relief as the Court may deem reasonable in the premises.

## GEICO DEMANDS A TRIAL BY JURY

Respectfully submitted this 23rd day of March, 2017.

          Respectfully submitted,

          */s/ Meloney Perry*
          Meloney Perry,
          Stacy Thompson
          **PERRY LAW, PC**
          10440 N. Central Expressway, Suite 600
          Dallas, Texas 75231
          Telephone: (214) 265-6201
          Facsimile: (214) 265-6226
          E-mail: mperry@mperrylaw.com
                   sthompson@mperrylaw.com

          **ATTORNEYS FOR DEFENDANT**
          **GOVERNEMNT EMPLOYEES INSURANCE**
          **COMPANY**

Defendant's address:
5260 Western Avenue
Chevy Chase, Maryland 20815

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 23rd day of March, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

  Michael G. Duran
  KELLER & KELLER, LLC
  505 Marquette, Suite 1300
  Albuquerque, New Mexico 87102
  michaeld@2keller.com
  *Attorney for Plaintiffs*

            */s/ Meloney Perry*
            Meloney Perry

00053616.DOCX